Dear Mr. Wooden:
You have requested an opinion from the Attorney General relative to property assessments in successions matters. You present two issues for our determination:
 1. To whom should the Parish Assessor assess real property where no succession or judgment of possession exists?
 2. May the Parish Assessor use a probated will to transfer property of a non-resident testator to an heir who is also a non-resident of this State (e.g., residents of Texas)?
LSA-R.S. 47:1952(A) states:
 "All property subject to taxation, including merchandise or stock in trade, shall be placed upon the assessment lists in the respective parishes or districts where situated. Assessments shall be made on the basis of the condition of things existing on the first day of January of each year; however, as to the ownership of immovable property subject to taxation, the assessor may note on the tax roll any transfer of such property which takes place after the first day of January but before the assessor files the tax roll with the tax collector as required in R.S. 47:1993, if practicable. If the assessor makes such note on the tax roles, the tax notice shall then be sent to such owner in lieu of the owner of the property as of January first."
In addressing your first query, this office has previously stated that "the assessor must assess taxes to the record owner without inquiring into any defects which may exist in his title, including the lack of a succession proceeding and/or judgment of possession." Op. Atty. Gen. No. 92-67. Therefore, the taxes are the burden of the real property's record owner.
In answer to your second question, an ancillary probate proceeding must be brought in Louisiana pursuant to La.C.C.P. Art. 3401 which states:
 "When a nonresident dies leaving property situated in this state, a succession proceeding may be instituted in a court of competent jurisdiction in accordance with Article 2811.
 Except as otherwise provided in this Title, the procedure in such a succession shall be the same as provided by the law for the succession of a Louisiana domiciliary."
La.C.C.P. 2811 mandates:
 "A proceeding to open a succession shall be brought in the district court of the parish where the deceased was domiciled at the time of his death.
 If the deceased was not domiciled in this state at the time of his death, his succession may be opened in the district court of any parish where:
 (1) Immovable property of the deceased is situated; or,
 (2)Movable property of the deceased is situated, if he owned no immovable property in this state at the time of his death."
As applied to the facts in your request, these provisions require that a Texas resident claiming ownership of immovable property located in this state via a probated will must institute probate proceedings in Louisiana. Since the testator was not domiciled in Louisiana at the time of his death, the claimant must bring the proceeding in the district court of the parish where the immovable property is situated.
I trust this sufficiently answers your question. Should you need any further assistance, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob[3]/cla
OPINION NUMBER 92-67
RELEASED MAY 12, 1992
4 — ASSESSORS 128 — TAXATION — INHERITANCE, SUCCESSION, ESTATE, INCOME TAXES R.S. 47:1952(A)
Taxes must be assessed to the record owner without inquiring into defects which may exist in his title, including the lack of a succession proceeding and/or judgment of possession.
Mr. Daniel J. Broussard, Assessor Vermilion Parish Abbeville, Louisiana 70511-0098